**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID KEANU SAI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 10-0899 (CKK) |
| HILLARY R. CLINTON, et al., | ) ) ) |
| Defendants. | ) ) |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

Plaintiff David Keanu Sai alleges that Hawaii is not properly a state in the Union and that, as a result, his arrest, prosecution, and conviction are improper. Specifically, Plaintiff contends that his "indictment, prosecution, and conviction are egregious and malicious violations of [his] civil rights secured under Article 9 of the Hawaiian Constitution" of 1864. Amended Complaint at ¶ 78.

The Court should dismiss this civil action against the federal Defendants because of the reasons stated in the motion to dismiss of Defendant Linda Lingle, which is hereby joined substantively and incorporated into this motion by reference.

## BACKGROUND

Plaintiff currently resides in Hawaii. Amended Complaint at ¶ 6. In 1995, Plaintiff, along with another person, started a "land title abstracting company" called the Perfect Title Company. Amended Complaint at ¶ 34. Later that same year, and with "the specific intent of assuming the 'seat of government,'" the partners of Perfect Title Company formed another partnership called the Hawaiian Kingdom Trust Company. According to Plaintiff, the purpose of

the Hawaiian Kingdom Trust Company was to "serve as an acting government of the Hawaiian Kingdom." Amended Complaint at ¶ 39. Plaintiff was arrested in September of 1997. Amended Complaint at ¶ 52. He subsequently was convicted of attempted theft in the first degree, an offense that was related to his activities for his titling company. Amended Complaint at ¶ 60.

Plaintiff claims that as a result of Hawaii's inclusion into the United States more than 50 years ago in 1959, he has "suffered injuries and damages." Amended Complaint at ¶ 72. He therefore wants this Court to declare that the addition of the Hawaiian islands to the United States was unconstitutional and void. Id. In so doing, Plaintiff hopes to overturn his conviction.

Plaintiff has named three federal defendants in the Amended Complaint: 1) Hillary R. Clinton, Secretary of State; 2) Robert M. Gates, Secretary of Defense; and 3) Admiral Robert F. Willard, Commander of the United States Pacific Fleet.[1] All federal Defendants have been sued in their official capacities as successors in interest to the United States representatives who were involved with the processes that resulted in Hawaii's statehood.

## ARGUMENT

As Defendant Linda Lingle's Motion to Dismiss states, the Court lacks subject matter jurisdiction over this matter. What Plaintiff wants – more than 50 years after the fact[2] – is a

---

[1] In his original Complaint, Plaintiff also named President Barack Obama as a defendant. Plaintiff dropped President Obama in his Amended Complaint. To the extent that the omission was unintentional, President Obama should be dismissed for the same reasons stated in this Motion to Dismiss.

[2] In this sense, the statute of limitations for Plaintiff's claim has undoubtedly run. The longest statute of limitations for actions against the government is six years (for cases brought pursuant to the Administrative Procedures Act). Certainly no statute of limitations would permit Plaintiff to file this claim more than 50 years after the fact. As the Amended

determination that Hawaii is not properly a State.  This, however, is not an issue this Court can address.  The issue is a non-justiciable political question.  "The determination of who is sovereign over specific territory is non-justiciable.  'Who is the sovereign, de jure or de facto, of a territory, is not a judicial, but a political question, the determination of which by the legislative and executive of any government conclusively binds the judges, as well as all other officers, citizens, and subjects of that government.  This principle has always been upheld by this court, and has been affirmed under a great variety of circumstances." Lin v. United States, 539 F. Supp. 2d 173, 178 (D.D.C. 2008) citing Jones v. United States, 137 U.S. 202, 212 (1890).  The reason is that the "determination of sovereignty over an area, the Supreme Court has held, is for the legislative and executive departments." Lin, 539 F. Supp. 2d at 178, citing Boumediene v. Bush, 476 F. 3d 981, 992 (D.C. Cir. 2007).  In short, this Court lacks subject matter jurisdiction over the Plaintiff's claims and the issues raised by the Amended Complaint are not redressable by this Court.

      Moreover, Plaintiff's Amended Complaint raises standing issues.  "The requisite elements of this 'core component derived directly from the Constitution' are familiar: 'A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" DaimlerChrysler Corp. V. Cuno, et

---

Complaint makes clear, Plaintiff was aware of the alleged autonomous nature of the Kingdom of Hawaii as early as 1995, when he helped establish the Hawaiian Kingdom Trust Company. Amended Complaint at ¶ 34.
      Similarly, even if not barred by the statute of limitations, latches would bar Plaintiff's claims.  Equity may be invoked by the vigilant, not those who sleep on their rights. International Union, Allied Industrial Workers of America v. Local Union No. 589, 693 F.2d at 672; TRW Environmental Safety Systems, Inc. v. United States, 16 Cl. Ct. 516, 519 (1989); see also CarrAmerica Realty Corp. v. Kaidanow, 321 F.3d 165, 171-72 (D.C. Cir. 2003).

al.,547 U.S. 332, 342 (2006) citing Allen v. Wright, 468 U.S. 737, 751 (1984).  To the extent Plaintiff argues that the United States is violating the "Lili'uokalani Assignment and other treaties that the United States has ratified,"he is not the proper party to do so.  Amended Complaint at ¶ 1.  "It is well established that individuals have no standing to challenge violations of international treaties in the absence of a protest by the sovereigns involved."  Rivera v. Congress of the United States of America, 338 F. Supp. 2d 272, 277 (D.P.R. 2004) citing Matta-Ballesteros v. Henman, 896 F. 2d 255, 259 (7th Cir. 1990).

Further, like the plaintiff in Rivera, Plaintiff fails to demonstrate an injury-in-fact.  It is unclear what Plaintiff seeks to redress.  "Plaintiff's allegations also fall[] short of demonstrating that the harm he alleges was caused by, or is traceable to, the actions of the individual" federal Defendants.  Rivera, 338 F. Supp. 2d at 278.  None of the federal Defendants "can determine the political status of [Hawaii], which is a legislative power given to Congress...."  Id.

To the extent Plaintiff wants this Court to determine that Hawaii is not properly a state, he is asking this Court to issue a writ of mandamus against the Congress and this Court does not have that authority.  Pursuant to the United States Constitution, "[t]he Congress shall have the Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States."   Rivera, 338 F. Supp. 2d at 279, citing U.S. Const. Art IV, § 3, cl. 2.  As such, Plaintiff is simply pursuing his case against the wrong branch of the federal government.  But, as set forth above, his case would not survive against any branch of the government.

## **CONCLUSION**

For the foregoing reasons, and for the reasons stated in Defendant Linda Lingle's Motion to Dismiss, the Court should dismiss this case with prejudice.

September 13, 2010.                             Respectfully submitted,

                                                             RONALD C. MACHEN JR., D.C. BAR #447-889
                                                             United States Attorney

                                                             RUDOLPH CONTRERAS, D.C. BAR #434122
                                                             Chief, Civil Division

By:    /s/
                                      CHRISTIAN A. NATIELLO, D.C. BAR #473960
                                      Assistant United States Attorney
                                      555 Fourth St., N.W.
                                      Room E-4206
                                      Washington, D.C. 20530
                                      (202) 307-0338